**Ted J. OTSUKI, Plaintiff,**

v.

**UNITED STATES PAROLE COMMISSION, Defendant.**

No. 84–3220.

United States District Court,
D. Kansas.

Oct. 25, 1984.

**532**

Ted J. Otsuki, pro se.

Benjamin L. Burgess, U.S. Atty., Wichita, Kan., for defendant.

### ORDER

ROGERS, District Judge.

Ted Otsuki, an inmate of the United States Penitentiary, Leavenworth, Kansas, having been granted leave to proceed *in forma pauperis*, has filed with the Clerk of the Court this "petition for relief from agency action" under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* This case presents the legal issue of whether or not the United States Parole Commission may grant a partial "Superior Achievement Award" (SPA) rather than the maximum allowable under its guidelines on the basis of the severity of the applicant's offense. Accepting petitioner's factual allegations as true, that he is eligible for a full SPA award but was granted only a partial award based on circumstances of his offense, the Court makes the following findings and Order.

■ The regulation governing SPA awards, 28 C.F.R. § 2.60, does not mandate the result asserted by petitioner. This regulation specifically sets maximum awards only and expressly permits partial awards. It does not delineate certain conditions as requiring either the partial or the maximum award. To the contrary, the matter of granting any award at all is left entirely to the discretion of the Commission. It follows that the regulation has not been violated and that petitioner has not been denied due process by the Commission's decision to grant only a partial award. Furthermore, 28 C.F.R. § 2.24(b)(2) permits a Regional Commissioner to modify a recommendation of a hearing examiner panel by six months. The recommendation made to grant petitioner an SPA of fourteen months was modified by the Commissioner to eight months.

■ The statutes governing parole contain no provisions which would require a contrary result. Instead, the pertinent statutes expressly commit the decisions to grant or deny a parole application and to modify an order paroling any eligible prisoner to agency discretion for purposes of section 701(a)(2) of the Administrative Pro-

cedure Act, 18 U.S.C. § 4218(d). Petitioner asserts jurisdiction only under the Act. Chapter seven of the APA governs judicial review under the Act. Section 701(a)(2) provides that the Chapter does not apply to agency action which is committed to agency discretion by law. As we have noted, the agency action which petitioner seeks to have reviewed herein is committed to agency discretion by statute. It follows that petitioner has no right under the Act to judicial review of the agency's discretionary parole decision.

■ Furthermore, the decision in petitioner's case is not shown to be arbitrary or capricious or a violation of the equal protection clause. The basis on which petitioner was denied the maximum SPA award is not irrational and does not amount to a constitutionally suspect classification. The regulations governing parole decisions in general require the Commission to consider the circumstances of the offense in determining when parole release should be granted. There is no reason to hold that this factor cannot be considered during this particular facet of the parole determination process. Moreover, the United States Supreme Court has described the Commission's decision to grant or deny parole as an essentially predictive judgment. Whether the Commission is setting a presumptive parole date or ruling on a recommendation for a SPA award, its ultimate responsibility remains to determine whether the applicant is a good candidate for parole. It cannot be held that the ground relied upon in this case was arbitrary or capricious for the Commission's purpose.

The Court concludes that petitioner is entitled to no relief.

IT IS THEREFORE ORDERED that this action be dismissed and all relief denied.