Istvan **KELE**, Appellant,

v.

**UNITED STATES PAROLE COMMISSION, Appellee.**

No. 85–1642.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1985.

Decided Oct. 15, 1985.

Rehearing Denied Nov. 11, 1985.

Istvan Kele, pro se.

David C. Jones, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before HEANEY, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

HEANEY, Circuit Judge.

Istvan Kele appeals from a district court order denying his petition for a writ of habeas corpus. Kele contends that the court erred in holding that the United States Parole Commission complied with the district court's August 31, 1984, order requiring the Commission to give Kele a new initial parole hearing at which it would more adequately consider: 1) the parole status of Kele's codefendants; 2) Kele's claim that there is insufficient evidence that he was the one who committed the murder during the robbery; and 3) that even if there was such evidence, that the Commission improperly "double counted" offense severity under *Briggs v. United States Parole Commission*, 736 F.2d 446 (8th Cir.1984). We affirm.

Kele is a federal prisoner serving a life sentence imposed in 1972 for bank robbery, conspiracy and homicide committed during the commission of the robbery. He was given an initial parole hearing on October 6, 1982. After that hearing, the Commission informed Kele that his incarceration would be continued to a presumptive parole date of November 22, 1989, when he would complete 204 months in prison. The full Parole Commission affirmed on appeal. Kele then filed a habeas corpus action, and on August 31, 1984, the district court adopted the magistrate's recommendation that the writ of habeas corpus be granted in part because the Commission failed to give meaningful consideration to the parole status of Kele's codefendants and erred in stating that it was "departing" from the appropriate guidelines on the basis of a factor—Kele's commission of the murder—which was not established by a preponderance of the evidence and which, under the magistrate's rationale, had already been fully considered in determining the appropriate parole guideline range. On October 31, 1984, the Commission held Kele's new initial hearing. Subsequently, the Commission affirmed its previous decision to continue Kele's incarceration to a presumptive parole date of November 22, 1989.

Thereafter, the district court denied Kele's ex post facto claim, and we dismissed Kele's appeal on that issue as frivolous. Next, the Parole Commission's decision was affirmed by the Commission's National Appeals Board. The Appeals Board reaffirmed the finding that Kele's release before service of 204 months would deprecate the severity of his offense, and that Kele's longer term of incarceration than his codefendants was justified because a preponderance of the evidence revealed that he had committed the murder of the bank guard and held the bank manager at gunpoint and threatened his life. Kele again filed a petition for a writ of habeas corpus, alleging that the Commission had not complied with the court's August 31, 1984, order. The district court denied the petition and Kele's petition for reconsideration, and Kele appeals.

We have carefully considered each of Kele's allegations of error and find that they are without merit. The parole guidelines applicable to Kele establish his of-

fense severity as "Greatest II" with a presumptive release of "52 plus months." 28 C.F.R. § 2.20 (1982). For "Greatest II" cases, the guidelines provide that, "[s]pecific upper limits are not provided due to the limited number of cases and the extreme variation possible within this category." Because there is no upper limit to the guidelines applicable to Kele, the magistrate's recommendation as adopted by the district court in the August 31, 1984, order was in error in applying the principle stated in *Briggs*, 736 F.2d at 446, that it would be irrational for the Commission to depart from its guidelines for reasons which had already been used to determine the applicable guideline range. *See Reynolds v. McCall*, 701 F.2d 810, 814 (9th Cir.1983). Given the open nature of the guidelines in Kele's case, the Commission did not abuse its discretion when, after consideration of all the relevant factors, it set Kele's presumptive release date at November 22, 1989, based primarily on the severity of the offense for which he was convicted. The record supports the Commission's conclusion that Kele was the one who killed the bank guard during commission of the robbery. *See Briggs*, 736 F.2d at 449.

Finally, assuming for purposes of argument that the district court's August 31, 1984, order was correct in requiring the Commission to follow paragraph 2.13–07 of its Procedures Manual by considering the parole status of Kele's codefendants, the Commission sufficiently considered these factors in denying Kele immediate parole because of his central involvement in the armed robbery and homicide.

Affirmed.