Ted J. **OTSUKI**, Plaintiff-Appellant,

v.

**UNITED STATES PAROLE COMMIS-SION**, Defendant-Appellee.

No. 84–2543.

United States Court of Appeals, Tenth Circuit.

Nov. 19, 1985.

---

Ted J. Otsuki, pro se.

Benjamin L. Burgess, Jr., U.S. Atty., and Alleen S. Castellani, Asst. U.S. Atty., Topeka, Kan., for defendant-appellee.

Before BARRETT, McKAY and SEYMOUR, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court, 598 F.Supp. 531, dismissing the appellant's challenge to a decision by the United States Parole Commission. The issue presented is whether under the superior program achievement regulations, 28 C.F.R. § 2.60, the Parole Commission may decline to advance the parole date to the maximum extent allowed because of the seriousness of a prisoner's offense. We affirm.

The appellant was given a presumptive parole date of March 16, 1987. In February, 1984, a statutory interim hearing was held to determine whether the date should be modified. The hearing panel recommended that the date be advanced by four-

teen months in recognition of the appellant's superior program achievement, as provided by 28 C.F.R. § 2.60. On review, the regional commissioner reduced the advancement by six months based on the seriousness of the offense for which the appellant was imprisoned.

The district court determined that the court had no jurisdiction to review the decision of the Commission under the Administrative Procedure Act, the statute under which the appellant sought review. The district court also determined that the applicable regulations were properly interpreted and that no constitutional rights of the appellant were infringed.

Although the district court was correct in determining that there is no jurisdiction to review a discretionary action of the Parole Commission under the Administrative Procedure Act, 18 U.S.C. § 4218, 5 U.S.C. § 701(a)(2), the issue properly could have been presented in a habeas petition under 28 U.S.C. § 2241. Accordingly, we will address the merits. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

28 C.F.R. § 2.60 provides in pertinent part:

§ 2.60 Superior program achievement.

(a) Prisoners who demonstrate superior program achievement (in addition to a good conduct record) may be considered for a limited advancement of the presumptive date previously set according to the schedule below. Such reduction will normally be considered at an interim hearing on pre-release review. It is to be stressed that a clear conduct record is expected; this reduction applied only to cases with documented sustained superior program achievement over a period of 9 months or more in custody.

(b) Superior program achievement may be demonstrated in areas such as educational, vocational, industry, or counselling programs, and is to be considered in light of the specifics of each case.

(c) Upon a finding of superior program achievement, a previously set presump-

tive date may be advanced. The normal maximum advancement permissible for superior program achievement during the prisoner's entire term shall be as set forth in the following schedule. It is the intent of the Commission that this maximum be exceeded only in the most clearly exceptional cases.

(d) Partial advancements may be given (for example, a case with superior program achievement during only part of the term or a case with both superior program achievement and minor disciplinary infraction(s)). Advancements may be given at different times; however, the limits set forth in the following schedule shall apply to the total combined advancement.

Under the schedule, the maximum advancement the appellant could have received was fourteen months.

We agree with the district court that the Parole Commission properly applied the regulation. It is plain from the regulation on its face that the advancement of a release date is not mandatory even if superior program achievement has been shown. In both § 2.60(a) and (c) the word "may" is used.

This interpretation is supported by the history of § 2.60. The statement of purpose accompanying the proposed regulation states that the regulation "strikes a middle ground between the position that institutional performance should be the primary factor in deciding parole, and the position that it should play no role at all." 44 Fed.Reg. 31026, 31027 (May 30, 1979). The Commission stated that it did not feel "that institutional factors can or should play the major role in the release decision. Statutorily, the Commission is required to give major consideration to the seriousness of the offense committed and the risk the offender presents to society ... [T]he traditional factors of severity of the crime and the inmate's prior record remain paramount in the deliberations of the Commission." *Id.*

There is nothing in the regulations themselves or in their history to indicate that the seriousness of the offense committed was intended to be left out of the decision to advance the release date. The most reasonable reading of the regulations is that the Commission is to balance the prisoner's achievement against the other factors that enter into the parole decision. It is clear from the history of the regulations that the major factor in deciding whether to release an inmate before the expiration of his sentence is to remain the seriousness of his offense.

The language of the regulation is permissive and the Parole Commission may use its discretion in considering the seriousness of the offense. *Briggs v. United States Parole Commission,* 611 F.Supp. 306 (E.D. Ill.1984), *aff'd,* 753 F.2d 1077 (7th Cir.1985). *See also Hatton v. Keohane,* 693 F.2d 88 (9th Cir.1982).

AFFIRMED. The mandate shall issue forthwith.