**Istvan KELE, Petitioner–Appellant,**

v.

**Peter CARLSON, Warden, and United States Parole Commission, Respondents–Appellees.**

**No. 87–15168.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 1988 [*].

Decided Aug. 15, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Istvan Kele, Terminal Island, Cal., pro per.

Richard K. Preston, U.S. Parole Com'n, Chevy Chase, Md. and Wallace H. Kleindienst, Asst. U.S. Atty., Phoenix, Ariz., for respondents-appellees.

Before SCHROEDER and WIGGINS, Circuit Judges, and STEPHENS,** District Judge.

PER CURIAM:

Istvan Kele, a federal prisoner, appeals pro se the district court's denial of his habeas corpus petition. Kele contends that the United States Parole Commission improperly applied its parole guidelines to his situation. We affirm.

Kele was sentenced to life imprisonment in 1972 for his role in a bank robbery in which a bank guard was shot and killed. After several parole hearings, the Parole Commission on October 31, 1984 set a presumptive parole date of November 22, 1989.

Kele first contends that he has served a longer period of incarceration than permitted by his original parole guideline. However, the Eighth Circuit has already determined that Kele's parole guideline was open-ended and that his presumptive re-

lease date was proper. *Kele v. United States Parole Commission,* 775 F.2d 243 (8th Cir.1985).

Kele next contends that under section 235(b)(3) of the Sentencing Reform Act of 1984, he is entitled to a new release date under the new Parole Commission Offense Severity Guidelines. Kele asserts that the new guidelines applying to his offense set an upper limit of 148 months, which he has already served. The dispositive issue is whether the new guidelines apply to him.

Section 235(b)(3) provides:

The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this act, that is within the range that applies to the prisoner under the applicable parole guideline. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Thus, section 235(b)(3) requires the Parole Commission to set release dates within the applicable new parole guideline for individuals "who will be in [the Parole Commission's] jurisdiction" on "the day before the expiration of five years after the effective date of [the] act." The effective date of the Act was November 1, 1987. The five-year period therefore expires November 1, 1992. Kele's presumptive parole date is November 22, 1989. Whether the new guidelines apply to Kele thus depends upon how the Parole Commission's "jurisdiction" is defined.

The Commission has interpreted section 235(b)(3) as not applying to anyone who will be on parole at the end of the five-year period.

Section 235(b)(3) does not apply to persons who will be on parole or mandatory

** Honorable Albert Lee Stephens, Jr., Senior U.S. District Judge for the Central District of California, sitting by designation.

release supervision at the expiration of the five-year period.

28 C.F.R. § 2.64(c) (1987). Kele does not give a reason why that regulation should be ignored and we perceive none. Thus, Kele does not come within the Parole Commission's jurisdiction.

Finally, Kele argues that the five-year transition period referred to in section 235(b)(3) began to run as of the effective date of the Comprehensive Crime Control Act of 1984 as a whole, rather than the effective date of one of its specific chapters, the Sentencing Reform Act of 1984. The Crime Control Act became effective upon enactment, and thus, if that date were to apply, the five-year period would run from October 12, 1984, to October 12, 1989. Since Kele is not scheduled for parole until November 22, 1989, he would still be in prison, and thus, he contends, the new guidelines apply. However, the Second Circuit has addressed this very issue, and found that the five-year transition period begins to run from November 1, 1987, the effective date of the Sentencing Reform Act, not the date of enactment of the overall Crime Control Act. Thus, section 235(b)(3) "requires the Parole Commission to set parole release dates within applicable guideline ranges only for prisoners who will be in prison on October 30, 1992, ... [and] requires no action by the Commission until a time sufficiently in advance of November 1, 1992, to afford prisoners an opportunity to pursue administrative remedies." *Romano v. Luther*, 816 F.2d 832, 842 (2d Cir.1987). We agree. No purpose consistent with congressional intent would be served by giving the guidelines different effective dates for sentencing and parole release.

AFFIRMED.