**Istvan KELE, Petitioner–Appellant,**

v.

**Peter CARLSON, Warden, U.S. Parole Commission, Respondents–Appellees.**

No. 88–15005.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 1989 *.

Decided June 8, 1989.

Istvan Kele, Terminal Island, Cal., pro se.

Wallace H. Kleindienst, Asst. U.S. Atty., Phoenix, Ariz., for respondents-appellees.

Before BROWNING, HALL and LEAVY, Circuit Judges.

PER CURIAM:

In 1973, appellant was convicted after jury trial of conspiracy, bank robbery, and

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

murder, and sentenced to life imprisonment. *Kele v. U.S. Parole Comm'n*, 775 F.2d 243, 244 (8th Cir.1985) ("*Kele I*"). In October 1984 the Commission established a presumptive parole date of November 22, 1989. This decision has been twice upheld. *Kele I*, 775 F.2d at 245; *Kele v. Carlson*, 854 F.2d 338, 340 (9th Cir.1988) (per curiam) ("*Kele II*").

In October 1986 appellant requested credit for his educational attainments while in custody pursuant to 28 CFR § 2.60 (1988), which allows credit for "superior program achievement" ("SPA credit"). The parole examination board recommended appellant's request be denied, stating:

> [Appellant] has obviously accomplished considerable (sic) since his incarceration, however, given the nature [of] and the aggravating factors related to the offense[,] the panel finds no basis to recommend change in the previous decision. It is felt that the seriousness of the offense outweigh[s] any advancement that [the] subject might be considered for under SPA.

The Parole Commission adopted this recommendation, and the National Appeals Board affirmed. Appellant then petitioned for habeas corpus relief. The district court dismissed the petition.

The district court correctly dismissed appellant's petition insofar as it alleged the Commission abused its discretion. "By definition, a bare allegation that the Commission has abused *its discretion* acknowledges that the Commission has exercised a judgment, if improperly, within its discretion. Congress has specifically withdrawn such cases from our jurisdiction." *Wallace v. Christensen*, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc) (original emphasis).

■ However, since the Commission is "bound by its own regulations so long as they remain in force," *id.* at 1552 n. 8 (citing *United States ex rel. Accardi v.*

*Shaughnessy*, 347 U.S. 260, 267, 74 S.Ct. 499, 503, 98 L.Ed. 681 (1954)), the district court had jurisdiction to decide appellant's claim the Commission violated 28 CFR § 2.60 by relying on the severity of his offense to deny SPA credit.**

■ The Commission was entitled to conclude the severity of appellant's offense outweighed his claim to the benefits of § 2.60. *Otsuki v. U.S. Parole Comm'n*, 777 F.2d 585, 587 (10th Cir.1985) (per curiam). Section 2.60 is written in permissive terms. The administrative history of the rule demonstrates the Commission intended "the traditional factors of severity of the crime and the inmate's prior record [to] remain paramount in the deliberations of the Commission." 44 Fed.Reg. 31026, 31027 (1979). *See also Otsuki*, 777 F.2d at 587; *Briggs v. U.S. Parole Comm'n*, 611 F.Supp. 306, 309 (N.D.Ill.1984), *aff'd without published opinion sub nom. Briggs v. Luther*, 753 F.2d 1077 (7th Cir.1985).

Appellant also contends the Commission's reliance on appellant's alleged misconduct in prison "violates statutory requirements because the Parole Commission failed to apply the 'preponderance of evidence' standard in its consideration." Since this claim was not raised below, we decline to decide it. *See United States v. Hoffman*, 607 F.2d 280, 285–86 (9th Cir. 1979).

AFFIRMED.

---

** Section 2.60(a) provides, in part: "Prisoners who demonstrate superior program achievement (in addition to a good conduct record) *may* be considered for a limited advancement of the presumptive date previously set according to the schedule [set out in § 2.60(e) ]" (emphasis added). Section 2.60(b) includes "educational" and "vocational" programs among those for which SPA credit may be awarded.