**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andrew Jackson SMITH, Isaac Hicks,**
**Samuel Smith, James Sawyer,**
**Defendants–Appellants.**

No. 88–5187.

United States Court of Appeals,
Eleventh Circuit.

Oct. 22, 1991.

Arthur Joel Berger, Miami, Fla., for A.J. Smith.

Leon B. Kellner, U.S. Atty., Lee S. Massey, Linda Collins–Hertz, Anne M. Hayes, Asst. U.S. Attys., Miami, Fla., for U.S.

John Lipinski, Miami, Fla. (Court-appointed), for S. Smith.

Lee Weissenborn (Court-appointed), Sheridan Weissenborn, Miami, Fla., for Sawyer.

William R. Tunkey, (Court-appointed), Benjamin S. Waxman, Miami, Fla., for Isaac Hicks.

Before KRAVITCH and ANDERSON, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

We are uncertain about the validity of the sentences imposed upon Samuel Smith. We attempt to dissipate the uncertainty.

In the original submission to us we were unable to meaningfully review the correctness of the sentence under Count 19 because we did not have a transcript of the sentencing hearing. We retained jurisdiction of the single issue of the correctness of that sentence and directed that a transcript of the sentencing hearing be filed. *U.S. v. Smith,* 918 F.2d 1501, 1516 (11th Cir.1990). Subsequently we directed additional briefing by the parties.

Both of the offenses alleged against Samuel Smith in this case occurred pre-Guidelines, contrary to the understanding revealed in our original opinion.

We have examined the transcript of the sentencing proceedings. No mention was made during the hearing that the charges were pre-Guidelines. Facially, the hearing appears to have been conducted throughout as one pursuant to the Guidelines. The pre-sentence report was discussed, and defendant was permitted to suggest corrections, additions and modifications. Specific objections were lodged by the defendant, responded to by the prosecution, and overruled by the judge. There was discussion of what the evidence had shown at trial, as bearing on the sentence. One item was ordered to be deleted from the report. There was an extended discussion of whether the government was correct in characterizing Smith as a career criminal.

We are not able to say with assurance whether the sentence under either count was based upon the Guidelines standards or pre-Guidelines standards, i.e., whether the judge was applying the Guidelines or was operating within the pre-Guidelines statutorily mandated ranges. Because of the possibility of error, in the interest of justice, we must vacate the sentence under Count 19 in order that the judge may resentence under the applicable standards. For the same reason Smith should be resentenced under Count 3.

The sentences under Counts 3 and 19 are VACATED, and the case is REMANDED to the district court for resentencing under both counts.