**Lawrence A. FASSLER,**
**Plaintiff–Appellant,**

v.

**U.S. PAROLE COMMISSION, Peter**
**M. Carlson, Warden, FCI,**
**Defendants–Appellees.**

No. 90–16110.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 1991.

Decided Nov. 14, 1991.

As Amended on Denial of Rehearing
and Rehearing En Banc May 5, 1992.

William J. Genego, Santa Monica, Cal., for plaintiff-appellant.

Janet L. Patterson, Asst. U.S. Atty., Phoenix, Ariz., for defendants-appellees.

Before: WALLACE, Chief Judge, GOODWIN and FLETCHER, Circuit Judges.

## ORDER

The opinion filed November 14, 1991, slip op. 15317 (9th Cir.1991) is amended as follows:

> [Editor's Note: The amendments have been incorporated for the publication of the opinion.]

With the opinion thus amended, the panel has voted unanimously to deny the petition for rehearing. Chief Judge Wallace and Judge Fletcher have voted to reject the suggestion for rehearing en banc, and Judge Goodwin so recommends.

The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35.

The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.

## OPINION

GOODWIN, Circuit Judge:

Lawrence Fassler was convicted of conspiracy to possess with intent to distribute marijuana, and possession with intent to distribute Marijuana. He was sentenced to 25 years imprisonment. While the applicable guidelines indicate a range of 12–16 months before Fassler would be considered for parole, a prisoner is required by other law to serve one-third of his sentence before he is "eligible" for parole.[1] 18 U.S.C. § 4205(a). The U.S. Parole Commission ruled that Fassler would have to serve one-third of his 25 year sentence, a term of 100 months. Accordingly, Fassler's presumptive parole date was set for September, 25, 1995.

Fassler filed a petition for writ of habeas corpus requesting his immediate release from custody. Fassler claimed that Section 235(b)(3) of the Sentencing Reform Act of 1984[2] ("SRA") requires the Parole Commission to set a release date within the parole guidelines, regardless of the requirements of § 4205(a). The district courts denied the petition. We affirm.

The SRA instituted a complete overhaul of the sentencing process, establishing comprehensive sentencing guidelines and abolishing the parole system. Section 235 of the Act governs the transition from the old regime to the new. The U.S. Parole Commission and the statutes governing parole, 18 U.S.C. § 4201 et seq., were to remain in effect while the new sentencing guidelines were devised. After the new Sentencing Guidelines became effective, the parole system was to be phased out.

■ The transition process has been subject to a number of delays and amendments, and has spawned a significant amount of litigation. This appeal, however, is confined to a relatively narrow issue: Does § 235(b)(3) repeal or preempt

---

1. Section 4205 *Time of eligibility for release on parole*

   (a) Whenever confined and serving a definite term or terms of more than one year, *a prisoner shall be eligible for release on parole after serving one-third of such term or terms* or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law.

   (emphasis added).

2. *See* Pub.L. No. 98–473, 98 Stat. 1987, 2032 (1984).

§ 4205(a)'s requirement that a prisoner serve one-third of his sentence before being eligible for parole? The answer is no.

The original version of § 235(b)(3) reads:

The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline.

The Act became effective on November 1, 1987. On December 7, 1987 Congress amended § 235(b)(3). *See* Pub.L. No. 100–182, 101 Stat. 1266 (1987). The amendment deleted the words "that is within the range that applies to the prisoner under the applicable parole guideline" and added in its place "pursuant to section 4206 of Title 18, United States Code." § 4206 outlines the "Parole determination criteria" to be used by the Commission. § 4206(c) grants the Commission the discretion to exceed the range specified in the parole guidelines.

It is not necessary to assess the differences between the original and the amended version of § 235(b)(3), because neither version expresses an intent to preempt the requirements of § 4205(a). § 235(b)(3), a transition provision, does not change the status of prisoners, making otherwise ineligible prisoners eligible for parole. *See Stange v. U.S. Parole Comm.,* 875 F.2d 760 (9th Cir.1989). "See Section 235(b)(3) simply specifies the timing of the Commission's *decisions* regarding release dates; it says nothing about when prisoners shall actually become eligible for release." *Id.* at 762 (emphasis in original).[3]

Fassler argues that the last sentence of § 4205(a) creates an exception into which § 235(b)(3) falls. A prisoner shall serve one-third of his term, "except as otherwise provided by law." The court in *Stange*

considered and rejected this argument. 875 F.2d at 762.

■ There is no evidence, either on the face of the statute or in the legislative history, to suggest that Congress created an exception to § 4205(a) when it enacted the SRA. In fact, persuasive evidence supports the opposite conclusion. Section 235(b)(1)(A) of the SRA contains a specific saving clause for § 4205(a). The original saving clause kept the preexisting parole provisions in effect for five years after the SRA's effective date. Last year, Congress amended section 235(b) to extend the life of the parole provisions, 18 U.S.C. § 4201 *et seq.,* for an additional five years. *See* Pub.L. No. 101–650, Title III, § 316 (Dec. 1, 1990). Section 4205(a) will continue to be in effect until November 1, 1997.[4] In light of the saving clause and the recent Congressional extension of the provision, we reject Fassler's contention that § 235(b)(3) repealed the requirement that he serve one-third of his sentence before he is eligible for parole.

■ Our holding is consistent with the Parole Commission's own interpretation of the SRA. "Section 235(b)(3) does not change the parole eligibility date established by the prisoner's sentence and does not confer parole eligibility on prisoners whose sentences do not provide any eligibility for parole." 28 C.F.R. § 2.64(d). We are obliged to accept the Commission's interpretation of its own duties if it is "sufficiently reasonable." *See FEC v. Democratic Senatorial Campaign Comm.,* 454 U.S. 27, 39, 102 S.Ct. 38, 46, 70 L.Ed.2d 23 (1981). The Commission's interpretation is not only reasonable, it is the only one that is plausible. "[N]othing in the Act suggests that appellant is free from § 4205(a)'s requirements." *Stange,* 875 F.2d at 762.

Our conclusion that Fassler must serve one-third of his original term, as mandated by § 4205(a), is consistent with the rulings

---

3. Fassler's reliance on *Kele v. Carlson,* 854 F.2d 338, 339 (9th Cir.1988), is misplaced. *Kele* does not interpret § 235(b)(3) in light of § 4205(a) and, therefore, provides little guidance in resolving the issue before us.

4. By extending the life of the parole regime, this amendment may make it impossible for Fassler to claim any benefit under § 235(b)(3). *See Tripati v. U.S. Parole Comm.,* 872 F.2d 328 (9th Cir.1989). Our holding with respect to § 4205(a), however, makes it unnecessary to address this issue.

of other Circuits. *See Skowronek v. Brennan* 896 F.2d 264, 267–68 (7th Cir.1990) ("We reject appellants' argument that § 235(b)(3) as originally enacted mandated their release on parole before they had served one-third of their respective sentences."); *Valladares v. Keohane,* 871 F.2d 1560, 1563 (11th Cir.1989) ("Congress did not intend the SRA to affect parole guidelines determined by Section 4205(a)."); *Lightsey v. Kastner,* 846 F.2d 329, 330–31 (5th Cir.1988) ("Individuals sentenced prior to the effective date of the SRA are still subject to parole eligibility or ineligibility in effect under their particular sentence."), *cert. denied,* 488 U.S. 1015, 109 S.Ct. 807, 102 L.Ed.2d 798 (1989).

Fassler's claim that the 1987 amendment of § 235(b)(3) violates the *ex post facto* clause by depriving him of his right to parole within the guideline range is without merit. Since § 4205(a) controls Fassler's date of parole eligibility, neither version of § 235(b)(3) affects that right.

AFFIRMED