977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Ray WOODYARD, Jr., Defendant-Appellant.
 No. 91-10595.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 1, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Woodyard appeals his sentence imposed after revocation of his term of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Woodyard was convicted and sentenced to five years' probation on May 21, 1987, following a guilty plea, for violations of 21 U.S.C. § 841(a)(1) and (b)(1)(C), possession with intent to distribute marijuana. As in effect at the time of Woodyard's conviction, section 841(b)(1)(C) provided a statutory maximum sentence of 20 years. Seventeen months later, Woodyard's probation was revoked and he was sentenced to 24 months' imprisonment followed by 36 months' supervised release. The district court revoked Woodyard's supervised release on November 4, 1991, and sentenced him to 30 months' imprisonment.
 
 
 4
 Because Woodyard's offense occurred prior to the November 1, 1987, effective date of the United States Sentencing Guidelines, the guidelines do not apply. United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1987).
 
 
 5
 Although the legality of a sentence is reviewed de novo, a pre-guidelines sentence that falls within statutory limits is left to the sound discretion of the trial court, and will be reviewed only for abuse of discretion. United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988). Absent constitutional concerns, sentences within statutory limits generally are not reviewable. United States v. Borrero-Isaza, 887 F.2d 1349, 1352 (9th Cir.1989).
 
 
 6
 Woodyard relies on United States v. Smith, 945 F.2d 365 (11th Cir.1991), for the broad proposition that remand is required any time there is ambiguity as to whether the district court relied on the guidelines or on pre-guidelines criteria in imposing a sentence. In this case, at the preliminary hearing on the government's petition for revocation of Woodyard's supervised release, the district judge commented that "we are still proceeding under what are known as the sentencing guidelines." At the sentencing hearing itself, however, it was clear to both the judge and Woodyard's counsel that the guidelines were not applicable to Woodyard:
 
 
 7
 THE COURT: And looking at the guidelines, I guess it's a three year supervised release. And in figuring that probation violation charge, what I figured was that he was a grade C violation. I don't think it applies to this one.
 
 
 8
 MR. ROBLES: What I thought is, rather than going back to '88 when he was sentenced, there was a term of supervised release as opposed to a term of parole that was to follow the release, so that's why I was figuring that. Well, even the guidelines would provide sort of a bench mark. But nonetheless, what I figured was he was a 3 to 9 month range.
 
 
 9
 It is apparent from this colloquy that both the district judge and Robles were referring to the guidelines, not as the authority for Woodyard's sentence, but as a factor to consider in the judge's determination of an appropriate sentence for Woodyard. Unlike the transcript in Smith, the record in this case indicates that the district court applied the correct standards in arriving at Woodyard's sentence.
 
 
 10
 Woodyard also argues that in Fassler v. United States Parole Comm'n, 964 F.2d 877, 878 (9th Cir.1992), we held that individuals committing offenses prior to November 1, 1987, must be released after serving one-third of their original terms. Fassler says nothing of the sort. 18 U.S.C. § 4205 provides that a prisoner shall not be eligible for parole until having served at least one-third of the prisoner's original term of confinement. In Fassler, we held that section 253(b)(3) of the Sentencing Reform Act of 1984, Pub.L. No. 98-474, 98 Stat. 1987, 2032 (1984), does not "repeal or preempt § 4205(a)'s requirement that a prisoner serve one-third of his sentence before being eligible for parole." 964 F.2d at 878-79.
 
 
 11
 Woodyard's other arguments are premised on the assumption that the guidelines are applicable to his case. Because the guidelines do not apply, we will not address these additional contentions.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3