**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LEE ALPHONSO MOORE,

        Petitioner-Appellant,

v.

R.E. HOLT,

        Respondent-Appellee.

No. 00-1244
(D.C. No. 98-D-1572)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **PORFILIO,** and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Lee Alphonse Moore, a federal prisoner appearing *pro se* , appeals the district court's denial of his 28 U.S.C. § 2241 petition. He challenges

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the decision of the United States Parole Commission (the "Commission") to deny him parole and to continue him to a fifteen-year reconsideration hearing pursuant to 28 C.F.R. § 2.14(c). Petitioner was found guilty in 1985 of kidnapping and is serving a fifty-year sentence. He committed his crime in 1985 and was sentenced in January 1986; thus, his parole determination is made pursuant to 18 U.S.C. §§ 4201 to 4218 (repealed as to offenses committed after Nov. 1, 1987). We affirm the judgment of the district court.

Judicial review of the parole determinations by the Commission is quite limited: "'The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.'" *Lewis v. Beeler*, 949 F.2d 325, 332 (10th Cir. 1991) (quoting *Misasi v. United States Parole Comm'n*, 835 F.2d 754, 758 (10th Cir. 1987)).

Petitioner first contends that the Commission erred by considering uncharged conduct described in his presentence investigation report (PSR). The PSR stated that, according to a police report, petitioner attacked a man and a woman in a car with a knife, robbed the man and forced him out of the car, then repeatedly sexually assaulted the woman in the car over a six-to-eight hour period before he released her near her home. Petitioner claimed that he did not sexually

-2-

assault the kidnap victim. He referred the Parole Commission to portions of the trial testimony that he believed supported his contention, namely, evidence that the victim voluntarily drove the car for at least two hours during the ordeal and that no seminal fluid was found on the victim. Petitioner contends the Commission abused its discretion by relying on the PSR in light of contradictory trial testimony.

We find no error in the Commission's consideration of the PSR. The Commission must consider the circumstances and nature of the offense in determining whether to grant parole. 18 U.S.C. § 4206; 28 C.F.R. § 2.18. In making its determination, the Commission is required to consider a broad range of sources, including PSRs. 18 U.S.C. § 4207(3); 28 C.F.R. § 2.19(a)(3). If a prisoner is apprised of information in his PSR and is afforded the opportunity to respond, the evidence in the PSR is properly considered by the Parole Commission. *Nunez-Guardado v. Hadden*, 722 F.2d 618, 621 (10th Cir. 1983).

Further, "the Commission is not limited to the consideration of formally adjudicated crimes, and is entitled to consider information from prosecutors and other parties when making its determinations regarding the release of prisoners." *Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989). The Commission may consider evidence of offenses for which the charges have been dismissed. *Robinson v. Hadden*, 723 F.2d 59, 62-63 (10th Cir. 1983); *see also Maddox v.*

*United States Parole Comm'n*, 821 F.2d 997, 999 (5th Cir. 1987) ("[T]he Commission may consider dismissed counts of an indictment, hearsay evidence, and allegations of criminal activity for which the prisoner has not even been charged." (footnotes omitted)).

Where facts are disputed, the Commission must resolve such disputes by "a preponderance of the evidence standard." 28 C.F.R. § 2.19(c). The Commission easily met that standard here. It reviewed the excerpted trial transcripts and considered petitioner's claims that sexual assault was not involved in the offense conduct, but chose to rely on the version of the event set forth in the presentence report. Even in the excerpted portions of the transcript provided by petitioner to the Commission, the victim testifies as to the sexual assault during the kidnapping, and states that she volunteered to drive the car for several hours because she felt that it gave her some degree of control and it felt like some kind of security. She further testified that she was afraid to call out for help for fear she would be killed. In the same transcript excerpts, the criminologist testified he finds no seminal fluid in approximately half of the rape cases he investigates because the perpetrator does not ejaculate during the rape. In addition, the PSR contained petitioner's version of the incident in question. We find no reversible error in the Commission's evaluation of the evidence.

Petitioner next claims that the Commission exceeded its statutory authority when it continued him to a fifteen-year reconsideration hearing pursuant to 28 C.F.R. § 2.12(b) and § 2.14(c). The regulations governing parole provide that, "[f]ollowing an initial parole hearing, the Commission shall . . . continue the prisoner to a fifteen year reconsideration hearing." 28 C.F.R. § 2.12(b)(3). Petitioner contends these regulations exceed the Commission's statutory authority and that the Commission has set a fifteen-year "no-parole" period during which he is unable to show he has adjusted his life and is suitable for parole.

This argument is without merit. The applicable statute and regulations provide that, in any case in which release on parole is not granted, 18 U.S.C. § 4208(h), or in which a fifteen-year reconsideration hearing is set, 28 C.F.R. § 2.14(a)(1), interim hearings must be conducted at which the Commission is to consider any significant developments or changes to the prisoner's status during the intervening period. Because petitioner's sentence exceeds seven years, he is entitled to receive interim hearings every two years. 18 U.S.C. § 4208(h)(2) and 28 C.F.R. § 2.14(a)(1)(ii). Thus, notwithstanding the fact that the Commission ordered that petitioner's eligibility for parole be reconsidered in fifteen years, he is nevertheless entitled by statute and by regulation to interim hearings every two years. The Commission's regulations are entirely consistent with its statutory authority.

Petitioner's reliance on *California Department of Corrections v. Morales*, 514 U.S. 499 (1995), is misplaced. In that case, the Supreme Court held that a state did not violate the Ex Post Facto Clause of the U.S. Constitution when it amended its parole regulations to retroactively decrease the frequency of parole suitability hearings in certain cases. Here, there has been no change in the frequency of petitioner's parole hearings. He is entitled, both by statute and by regulations, to interim hearings every two years.

Finally, the Commission did not abuse its discretion in failing to advance petitioner's release date for superior program achievement pursuant to 28 C.F.R. § 2.60. Such an award is purely discretionary and is only to be awarded in cases in which the inmate has demonstrated both superior program achievement and has a clear conduct record. *Id*. at § 2.60(a). The Commission's report indicates that petitioner has had numerous administrative violations while in prison, including an assault on a correctional officer and the possession of a dangerous weapon. Further, the Commission was entitled to conclude the severity of petitioner's offense outweighed his claim to the benefits of § 2.60. *Otsuki v. United States Parole Comm'n*, 777 F.2d 585, 587 (10th Cir. 1985) (per curiam).

We GRANT petitioner's motion to proceed on appeal *in forma pauperis*.

We AFFIRM the judgment of the district court for substantially the reasons set forth in its order of dismissal dated April 18, 2000.

Entered for the Court


David M. Ebel
Circuit Judge