**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CURTIS L. PRIDE,

      Petitioner-Appellant,

v.

AL HERRERA,

      Respondent-Appellee.

No. 00-1204
(D.C. No. 99-WM-255)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **SEYMOUR** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner seeks review of the district court's denial of his action brought pursuant to 28 U.S.C. § 2241. He challenged a decision of the United States Parole Commission converting a special parole term to a regular term of imprisonment. We have jurisdiction, and we affirm.

In 1980, petitioner was convicted in federal court of interstate transportation of a female for prostitution and possession with intent to distribute narcotics, for which he received a five-year prison term and an additional four years' special parole. He was mandatorily released in 1983 on regular parole. In 1985, he began his four-year special parole term.

In 1988, petitioner was arrested and charged with aggravated sexual assault. In an interview with his probation officer, petitioner denied the sexual assault charges but admitted facilitating making drug deals and making referrals for drug purchases to a known drug dealer. The probation officer also interviewed the victim, who described a sexual assault. Based on these interviews, the probation officer recommended that the United States Parole Commission (USPC) issue a warrant for parole violations, pending the outcome of the state criminal charges. The USPC then issued a warrant charging petitioner with aggravated criminal assault and distribution of narcotics. In January of 1989 in Illinois state court, petitioner was convicted of criminal sexual assault and battery. He was not convicted on the drug charge.

The USPC conducted two dispositional reviews of its detainer, one in 1990 and one in 1993, deciding both times to allow the detainer to stand. When petitioner was released from state custody in 1998, he was taken into federal custody upon execution of the USPC's warrant.

The USPC conducted a parole revocation hearing in September of 1998. Petitioner admitted that he had been convicted of sexual assault, but denied the rape charge, contending that his contact with the victim was consensual. He acknowledged that the day after the alleged sexual assault he had denied having had a prior relationship with the victim. He further claimed that had he admitted the relationship, he would not have been convicted of rape. He did admit physically assaulting the victim, but only after she had refused to stop smoking crack cocaine in his apartment.

The first hearing examiner concluded that petitioner had violated his special parole by committing aggravated criminal assault involving rape, but that the evidence was insufficient to establish a parole violation with respect to the drug charge. He recommended an additional 64 to 92 month sentence with parole to occur in March of 1999. This recommendation was based on the fact that petitioner had then served 117 months in state custody and that mitigating factors weighed in favor of earlier parole.

The second examiner determined that petitioner had violated his parole based on both the sexual assault and drug charge. He agreed with the guidelines specifying a presumptive reparole date after 64 to 92 months, but found petitioner to be a higher risk than the salient factor score would indicate, and recommended petitioner be sentenced above the limits set forth in the guidelines. A third examiner concurred with the second with respect to the sexual assault charge.

The USPC then issued its notice of action adopting the recommendation of the second and third examiners with respect to the aggravated criminal assault charge, making no findings regarding the drug charge, and converting the four-year special parole term from the 1980 conviction to a regular term of imprisonment, i.e., a violator term. This decision was upheld by the USPC National Appeals Board in 1999, following which petitioner filed this amended petition.

Petitioner raised numerous challenges to the actions of the USPC, including alleging violations of various regulations; double counting of factors used to both calculate the salient factor score and to justify a decision above the guidelines; refusing to designate the state facility as his place of confinement for his parole violator term in order to allow his state and federal terms to run concurrently; deciding to revoke parole prior to the parole hearing itself, in violation of

petitioner's right to due process, among others. He also challenged the magistrate judge's rulings as biased and racially discriminatory.

On appeal to this court, petitioner raises only two issues. He first contends that he was denied due process because the USPC issued its decision two years before granting him a parole revocation hearing. He also argues that in recommending the denial of his application for habeas corpus relief, the magistrate judge demonstrated bias and racial discrimination. We review the district court's denial of habeas corpus relief de novo. <u>Martinez v. Flowers</u>, 164 F.3d 1257, 1258 (10th Cir. 1998).

Plaintiff's first argument is based on a 1996 letter he received from a USPC case analyst in response to numerous inquiries. In the letter, the author stated as follows:

> This is to acknowledge your letter of August 30, 1996. You continue to write concerning your case and your desire [to] get your federal violator term to run concurrent with your state term.
>
> The Commission is aware of all your arguments. However, it is the Commission's decision that your old federal term will run consecutive with your state term. We are not going to review this matter again, nor are we going to change this decision.
>
> Your original offense and your violation behavior are very serious offenses and the Commission is holding you accountable by maintaining the warrant as a detainer. I hope this answers your concerns. Further correspondence on this issue will be filed without response.

Appellee's Br., attachment 3.

The magistrate judge recognized that a final decision by the Commission to revoke parole prior to a hearing would violate due process. See Morrissey v. Brewer, 408 U.S. 471, 488 (1972). However, based on the record, she found that there was nothing to indicate that the hearing examiners were biased against him. The parole hearing was held in 1998, approximately two years after the letter was written. Petitioner does not dispute the findings that he received a revocation hearing and that he was permitted to present evidence in mitigation, afforded the right to be heard and to cross examine adverse witnesses, and provided a written statement by the factfinders concerning the evidence relied on and the reasons parole was revoked. In sum, the 1996 letter is neither a decision revoking his parole at that time, nor evidence of any improper motive or retaliation against him.

For his second argument, petitioner contends the magistrate judge demonstrated extreme bias in her rulings and recommendation because of his race (African American). He further contends the district court adopted the magistrate judge's report in retaliation for petitioner's allegations of racial discrimination and judicial bias by the magistrate judge.

The record reflects that petitioner did not claim bias by the magistrate judge until he filed his objections to her recommendations and did not lodge a claim of bias on the part of the district court until after the court had denied

-6-

his habeas petition. Petitioner then filed a motion to recuse the district judge and to have the decisions of both the magistrate judge and district court reviewed by another district judge. The denial of a motion to recuse is reviewed for abuse of discretion. United States v. Lowe, 106 F.3d 1498, 1504 (10th Cir. 1997). The basic test is whether a reasonable person, armed with the relevant facts, would doubt the judge's impartiality. Maez v. Mountain States Tel. & Tel., Inc., 54 F.3d 1488, 1508 (10th Cir. 1995).

The motion to recuse was clearly untimely, coming as it did, well over a year after the petition was referred to the magistrate judge and a week after the district court considered petitioner's objections to her report and adopted the recommendation. "A motion to recuse must be filed promptly after the allegedly disqualifying facts are discovered." Hinman v. Rogers, 831 F.2d 937, 938 (10th Cir. 1987). "Granting a motion to recuse many months after an action has been filed wastes judicial resources and encourages manipulation of the judicial process." Willner v. Univ. of Kan., 848 F.2d 1023, 1029 (10th Cir. 1988). In addition, a timely filed recusal motion alleviates the concern that the motion is motivated by adverse rulings or constitutes an attempt to manipulate the judicial process. United States v. Pearson, 203 F.3d 1243, 1276 (10th Cir.), cert. denied, 530 U.S. 1268 (2000). Petitioner provided no explanation for why he waited so

long before moving for disqualification.   See Green v. Branson , 108 F.3d 1296,

1305 (10th Cir. 1997).

Moreover, most of petitioner's illustrations of alleged bias are merely

adverse rulings by the magistrate judge (e.g., denial of appointment of counsel,

granting motions filed by respondents but denying motions filed by petitioner,

denying petitioner's request to expand the record, issuing legal conclusions

petitioner asserts are contrary to applicable law).  Adverse rulings alone do not

constitute grounds for disqualification.  While they may be proper grounds for

appeal, they are not grounds for recusal.   Liteky v. United States , 510 U.S. 540,

555 (1994).

Petitioner's allegations of racial bias are conclusory and unsupported.

"[U]nsupported, irrational or highly tenuous speculation" is an inappropriate

ground for recusal.   Hinman v. Rogers , 831 F.2d at 939.  In addition, the

appointment of counsel in a § 2241 proceeding lies within the discretion of the

district court and is reviewed for abuse of that discretion.  We find none here.

See Shabazz v. Askins , 14 F.3d 533, 535 (10th Cir. 1994).

The magistrate judge also adequately addressed petitioner's claim that the

USPC failed to consider advancement of his presumptive parole date based on

"superior program achievement" under 28 C.F.R. § 2.60.   See R. Doc 45 at 17-19.

She found the language of the regulation," [p]risoners who demonstrate superior

program achievement . . . may be considered for a limited advancement of the presumptive [parole] date . . ." (emphasis added), clearly contemplates a discretionary act on the part of the USPC. We have upheld this discretion as well. See Otsuki v. U.S. Parole Comm'n, 777 F.2d 585, 587 (10th Cir. 1985) (§ 2.60(a) plainly states advancement of release date not mandatory "even if superior program achievement has been shown"). She also rejected petitioner's evidence in which he claimed a similarly situated white inmate was considered for parole advancement. R. Doc. 45 at 18. In conclusory fashion, he states that he "submitted a lot of evidence that the USPC routinely considers and grants Superior Program Achievement to the 'White' inmates similarly situated." Appellant's Br. at 7. This is insufficient to challenge the magistrate judge's specific determination. Likewise, his argument that the district court exhibited bias because petitioner "questioned the integrity of the magistrate [judge], the district court was obligated to adopt her report and recommendation," id., is wholly without any support in the record.

Accordingly, for these and the reasons stated in the magistrate judge's thorough recommendation dated February 18, 2000, and the district court's order of May 8, 2000, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Chief Judge